**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRY PROCTOR,                                                                                              PLAINTIFF
ADC #87410

v.                                           5:10-cv-00376-SWW-JTK

NEEMA SUPHAN, et al.                                                                                   DEFENDANTS

**ORDER**

This matter is before the Court on several Motions filed by the parties.

1)   Motion to Revoke Plaintiff's In Forma Pauperis (IFP) Status (Doc. No. 26) - This Motion is filed by Defendants Correctional Medical Services, Inc. (CMS) and Alva Green (medical defendants).[1] These Defendants ask the Court to revoke Plaintiff's IFP status and to order him to pay the costs/fees associated with service of process. Defendants state Plaintiff is a "three-striker" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and therefore, is not entitled to IFP status. Since this Court granted Plaintiff IFP status for the purpose of service, Defendants ask that such status be revoked and that Plaintiff be ordered to submit to the Court the cost of obtaining service by the United States Marshal.

In his Response (Doc. No. 40), Plaintiff states the Court correctly exercised its discretion in granting him IFP status for purposes of service, noting FED.R.CIV.P. 4(c)(3), which authorizes the Court to order that service be made by the United States Marshal, even when the Plaintiff does not qualify to proceed IFP. Plaintiff states Defendants present no evidence to support dismissal of his Complaint and notes the common practice of the Court to grant IFP status for the purposes of service.

---

[1] Defendants Miller, Mullins, and Ifediora, who were served after the filing of this Motion, are also included as "medical defendants".

As noted by the parties, FED.R.CIV.P. 4(c)(3) authorizes the Court to order that service be made by the United States Marshal. This Court granted Plaintiff IFP status for that limited purpose, in light of Plaintiff's present incarceration and the obvious logistical difficulties with issuance of summons and service by an incarcerated person. Therefore, the Court declines to revoke Plaintiff's limited IFP standing, and declines to order that Plaintiff pay the costs associated with such service.

2)   Plaintiff's Motion to Amend (Doc. No. 38) - Plaintiff asks to amend his Complaint to assert that Defendants' refusal to approve a second back surgery places him in imminent danger of serious physical injury. Plaintiff states he did not originally allege imminent danger when he filed his Complaint in 2010, because at that time he was unaware of Defendants' intentions not to permit his second surgery.

The Medical Defendants state in their Response (Doc. No. 58) that Plaintiff can not show he is in imminent danger of serious physical injury, based on the constant medical care and treatment he receives. Defendants refer to Plaintiff's medical records and to an Affidavit of Dr. Roland Anderson, Regional Medical Director of CMS, to show that Plaintiff does not suffer from liver damage and that his back surgeon did not recommend a second back surgery. (Doc. No. 58-1). However, Defendants state their only objection to Plaintiff's Motion is in permitting Plaintiff to proceed IFP.

Defendant Suphan responded to Plaintiff's Motion (Doc. No. 77), indicating no objection.

FED.R.CIV.P. 15 permits an amendment as a matter of course. In addition, since the Defendants do not object to Plaintiff's assertion of imminent danger, the Court finds that it should be permitted. However, the present assertion of imminent danger does not affect this Court's January 7, 2011 ruling that Plaintiff was not entitled to IFP status for purposes of payment of the $350.00 filing fee (Doc. No. 4).

3) Plaintiff's Motion to Correct (Doc. No. 53) - Plaintiff asks the Court to correct the docket to note a jury demand. The Court construes this as a Motion for Trial by Jury. The Clerk of the Court will be directed to note the demand on the docket sheet, and a jury trial will be scheduled if it is appropriate following the consideration of dispositive motions and a pre-jury hearing.

4) Plaintiff's Motion to Compel (Doc. No. 67) - In this Motion, Plaintiff asks the Court to order Defendants to comply with its April 28, 2011 (Doc No. 50) Order directing a response to his motions for temporary restraining order and to amend. Plaintiff also asks the Court to order the counsel for Medical Defendants to accept service on behalf of Defendant Suphan.

With respect to the issue of filing responses to Plaintiff's motions, Defendant Kelley states (Doc. No. 69) that she filed a response to the motions on May 5, 2011 (Doc. No. 57), and Defendant Suphan states (Doc. No. 78) that her responses were filed on May 25, 2011 (Doc. Nos. 76, 77). The Court also notes that the Medical Defendants filed responses on May 4, 2011, and May 9, 2011 (Doc. Nos. 54, 58). Therefore, Plaintiff's Motion should be denied as to this issue.

In addition, an Answer to Plaintiff's Complaint was filed on behalf of Defendant Suphan on May 9, 2011, by attorney David P. Glover of Wright, Lindsey & Jennings (Doc. No. 63). Therefore, Plaintiff's motion will be denied as to this issue.

5) Plaintiff's Motion for Copies (Doc. No. 72) - The Court will grant Plaintiff's Motion for a copy of document number 58.

6) Plaintiff's Motion for Service (Doc. No. 74) - This Motion for service on Defendant Suphan will be denied as moot, as summons was returned, executed, on April 27, 2011 (Doc. No. 48) and an Answer was filed on her behalf on May 9, 2011 (Doc. No. 63). Accordingly,

IT IS, THEREFORE, ORDERED that:

1) Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (Doc. No. 26) is

DENIED.

2) Plaintiff's Motion to Amend (Doc. No. 38) is GRANTED.

3) Plaintiff's Motion to Correct (Doc. No. 53), which this Court construes as a Motion for Jury Trial, is GRANTED. The Clerk is directed to note Plaintiff's jury demand on the docket sheet.

4) Plaintiff's Motion to Compel (Doc. No. 67) is DENIED.

5) Plaintiff's Motion for Copies (Doc. No. 72) is GRANTED. The Clerk is directed to forward to Plaintiff a copy of document number 58.

6) Plaintiff's Motion for Service (Doc. No. 74) is DENIED as moot.

IT IS SO ORDERED this 7th day of June, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE