**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRY PROCTOR,
ADC #87410                                                                                    PLAINTIFF

v.                                          5:10-cv-00376-SWW-JTK

NEEMA SUPHAN, et al.                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.      Introduction

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc. Nos. 158, 165, 167).  Plaintiff filed Responses in opposition to the Motions (Doc. Nos. 175, 177, 179), and Defendants Suphan and Correctional Medical Services (Corizon) filed Replies (Doc. Nos. 181, 182).

Plaintiff Proctor is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction.  He filed this <u>pro</u> <u>se</u> action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights while incarcerated at the Maximum Security Unit (MSU).[1]  Plaintiff also asserts a state law medical malpractice claim against Defendants.  Specifically, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs with respect to their treatment of his back condition, and retaliated against him for

---

[1]Counsel was appointed for Plaintiff on August 26, 2011 (Doc. No. 131).

2

the filing of lawsuits and grievances.  Plaintiff asks for monetary and injunctive relief.

## II.    Facts

Plaintiff filed the present Complaint on December 28, 2010 (Doc. No. 1), against Defendants

Suphan, Kelley, Green, Mullins, Ifediora, Miller, and Correctional Medical Services (Corizon, Inc.),

based on events which occurred from January, 2008 until June, 2009.[2]  He claims Defendant Suphan

improperly prescribed medications which were ineffective and made him sick, failed to properly

treat him for his back and nerve problems, and failed to re-order him to be evaluated by a surgeon

for back surgery (Doc. No. 1, pp 4-5).[3] He also alleges Defendant Suphan treated him while addicted

to and under the influence of narcotics, and was subsequently terminated from her position. (Id.)

After Suphan's termination, Plaintiff was treated by Defendant Ifediora, who did not have a medical

license and failed to properly prescribe Plaintiff with consistent pain medications. (Id. at p. 6).[4]

Defendant Miller improperly forced him to take pain medications on an empty stomach, which then

resulted in stomach cramping and nausea. (Id.) Defendants Kelley and Green failed to appropriately

supervise Defendant Miller and correct her inactions, and along with Defendant Mullins, failed to

adequately respond to the grievances he wrote about his treatment, and retaliated against him for

filing grievances and lawsuits.  (Id. at pp. 5, 7.)    Finally, Defendant CMS failed to provide

corrective oversight, proper training, and adequate medical care.  (Id. at p. 7.)

---

[2]Although Plaintiff fails to include specific dates in the body of his Complaint, he refers to grievances he filed which cover this time period (Doc. No. 1, pp. 4-7).  See also the grievances attached to his Summary Judgment Responses (Doc. Nos. 175, 177, 179).

[3]Plaintiff admits in his Complaint that he received back surgery on March 31, 2010, but claims he continues to need additional surgery (Doc. No. 1, p. 4).

[4]In his Reply, Defendant attaches a copy of his medical license verification from the Arkansas Medical Board, showing an original issuance date of February 6, 2004 (Doc. No. 182-1).

III.    **Prior Lawsuits**

Plaintiff filed two prior lawsuits alleging similar claims against some of the same Defendants named in this lawsuit.

A.      <u>Proctor v. Kelley</u>, **5:08-cv-00247-JLH-JJV (Proctor I)**

In this action, Plaintiff sued Defendants Kelley, Suphan, and Mullins (and others), for deliberate indifference with respect to the treatment of his back condition. Plaintiff filed the lawsuit on September 3, 2008, and complained about the lack of adequate medical care beginning in July, 2007. He also asked the Court for injunctive relief in the form of adequate pain medication and surgery and the cancellation of steroid injections. In ruling on the Defendants' Motions for Summary Judgment, United States Magistrate Judge Joe J. Volpe recommended that Defendants be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies prior to filing the lawsuit. (Doc. No. 158-5, p. 8). The Court also reviewed Defendants' arguments that Plaintiff failed to support his Eighth Amendment claims against them, and recommended that those claims against Defendants be dismissed with prejudice. Specifically, the Court found that Plaintiff failed to support a claim of deliberate indifference against Suphan, because Plaintiff received treatment for his condition and a disagreement with treatment decisions does not support a constitutional claim for relief. (<u>Id.</u> at p. 12.) The Court also found that Plaintiff's allegations against Defendants Kelley and Mullins were misplaced, because they were not medical professionals and were not responsible for his medical care. (<u>Id.</u>) In addition, Kelley's conduct in responding to Plaintiff's grievances did not support a constitutional claim. (<u>Id.</u> at p. 13.) The recommendations were adopted by United States District Judge J. Leon Holmes on April 9, 2010, and the case was dismissed (Doc. Nos. 156, 157). The United States Court of Appeals for the Eighth Circuit affirmed

4

the dismissal on September 9, 2010 (Doc. No. 166).

### B.      Proctor v. Mullins, 5:09-cv-00131-DPM-JJV (Proctor II)

Plaintiff filed this lawsuit on May 6, 2009, alleging due process violations against Defendants Mullins, Kelley, Suphan, and others, based on an incident which occurred in August, 2008.  Plaintiff claimed defendants conspired to file a disciplinary charge against him, in retaliation for filing grievances and lawsuits.   His conspiracy allegation against Defendant Kelley was dismissed on a Motion to Dismiss (Proctor II, Doc. No. 45), and the remaining claims/defendants were dismissed following a Pre-Jury Evidentiary Hearing (Doc. No. 158-9).[5]

## IV.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

---

[5]The Court also declined to exercise jurisdiction over Plaintiff's attempt to supplement his complaint with a state law medical malpractice claim against Suphan (Doc. No. 158-9, pp. 6-7).

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

### A.      Res Judicata/Collateral Estoppel

In their Motions, Defendants ask the Court to dismiss Plaintiff's present Complaint against them pursuant to res judicata and/or collateral estoppel, based on the prior lawsuits filed by Plaintiff against them.   "[A] judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." <u>Lane v. Peterson</u>, 899 F.2d 737, 741 (8th Cir. 1990).   There are three requirements for a res judicata defense: that the prior judgment was rendered by a court of competent jurisdiction, the prior judgment was final on the merits, and the same cause of action and same parties or privies were involved in both cases. <u>Murphy v. Jones</u>, 877 F.2d 682, 684 (8th Cir. 1989).   A summary judgment order which dismisses a cause of action is considered a final judgment on the merits. <u>King v. Hoover Group, Inc</u>., 958 F.2d 219, 222 (8th Cir. 1992).

The Court will address Defendants' arguments as follows:

### 1.      Plaintiff's Eighth Amendment Claims

#### a)      Defendant Suphan

Suphan provides copies of Plaintiff's medical records which show that she treated Plaintiff from January 14, 2008 until August 22, 2008 (Doc. No. 158-3).   In addition, she provides an affidavit of Dr. Michael Fischer, who summarizes the care she provided to Plaintiff based on a review of his medical records.  (Doc. No. 158-1).  Suphan states that her care of Plaintiff during this same time period was at issue in the prior lawsuit, <u>Proctor v. Kelley</u>, 5:08-cv-00247 (Proctor I), where the Court reviewed Plaintiff's medical care by Suphan and others over a period of time from

July, 2007 through October, 2008.   Suphan states that the Court's determination that her care did not violate Plaintiff's constitutional rights should preclude relitigation of that same issue in this case.

In response, Plaintiff states that his present allegations against Suphan – that she abandoned medical care for him, prescribed drugs which did not work and made him sick, and allowed him to go for periods of time without pain medications – differ from the allegations in Proctor I and are completely different from those asserted in Proctor II.   In addition, Plaintiff states that since the Court in Proctor I found that he failed to exhaust his remedies against Defendant Suphan, the Court's entry of summary judgment does not have preclusive effect.

Suphan disagrees in her Reply, stating that even though Plaintiff claims that his complaints about her in the present lawsuit differ from those raised in Proctor I, the claims arise "out of the same nucleus of operative facts," and therefore, are barred by res judicata, citing Lane, 899 F.2d at 742.  Suphan notes that the Court in Proctor I reviewed Plaintiff's medical records which covered the care she provided to him, and found that she was not deliberately indifferent to his serious medical needs.  She states the allegedly different theory raised in this action does not change the fact that the lawsuits involve the same cause of action.  See Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982), where the court held that a "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action."

In addressing Plaintiff's argument that the decision in Proctor I lacks preclusive effect, Suphan states that the preclusive effect of an alternative basis for a judgment depends on whether the losing party appealed the judgment and on the treatment provided to that judgment by the appellate court, citing Restatement (Second) of Judgments § 27, cmt. o, and Fairbrook Leasing, Inc.

7

v. Mesaba Aviation, Inc., 519 F.3d 421, 428 (8th Cir. 2008).   If a judgment is dismissed without prejudice because of lack of subject matter or personal jurisdiction (not the case here), an alternative judgment on the merits lacks preclusive effect, even if both grounds are affirmed on appeal. Restatement (Second) of Judgments § 20, cmt.e.  Otherwise, if both grounds are affirmed on appeal, the judgment on the merits bars subsequent litigation.  (Id. § 20, cmt.e; § 27, cmt.o.)  Since a prisoner's failure to exhaust his administrative remedies is not considered to be a jurisdictional defect in a lawsuit filed pursuant to § 1983 (Chelette v. Harris, 229 F.3d 684, 687 (8th Cir. 2000)), the fact that the Eighth Circuit affirmed both ground on appeal should bar this subsequent litigation. The Proposed Findings and Recommendations in Proctor I, which were adopted "in their entirety," found that Plaintiff's claims against defendants should be dismissed without prejudice for failure to exhaust, but that the Eighth Amendment claims against Defendant Suphan should be dismissed with prejudice, because Suphan was not deliberately indifferent to Plaintiff's serious medical needs. (Doc. Nos. 158-5, 158-6).  The Eighth Circuit Court of Appeals affirmed this decision in its entirety "on the basis of the district court's thorough opinion."  (Doc. No. 158-8.)  Therefore, Suphan states that Proctor I resulted in a judgment on the merits in the same cause of action as this case, and that this case is barred by res judicata.

Having compared the issues raised in Proctor I with the issues raised in this case, together with the evidence considered by the Court in Proctor I, the Court finds that Plaintiff's present Eighth Amendment claim against Defendant Suphan is barred by res judicata.   The Court in Proctor I reviewed the Plaintiff's medical records, including his appointments with Suphan, the x-rays she requested, the medications she prescribed, the requests for consultations to determine the need for surgery, the requests for consultation with a pain management doctor, and the MRI which was

8

conducted. (Doc. No. 158-5, pp. 9-11.) Based on this exhaustive review, the Court found that

Plaintiff's claims against Defendant Suphan amounted to a disagreement over the type of medical

treatment he received, and that her treatment of him did not support a finding of deliberate

indifference. (Id., pp. 11-12.) The Court finds that the present claim against Suphan rises out of the

same nucleus of operative facts as the claim asserted in Proctor I (and involves the same medical

records as evidence), and therefore, should be barred by res judicata.

### b)  Defendants CMS, Green, Mullins, Ifediora, Miller

These medical Defendants ask the Court to dismiss Plaintiff's present claims against them

as barred by collateral estoppel.  They state that the relevant period of time in this lawsuit for the

allegations asserted against them, based on the grievances referred to Plaintiff in his Complaint, is

from April 15, 2008 until March 26, 2009.  Furthermore, they state that the medical records

reviewed by the Court in Proctor I covered a time period through November 30, 2009.  (See Proctor

I, Doc. No. 131-2.)  The court in Proctor I found that Plaintiff received frequent medical attention

and that he was not entitled to any course of treatment he desired.  (Doc. No. 165-11, pp. 11-12).

In light of this decision, Defendants state that the issues in this case are identical to the issues

previously decided (Plaintiff's request for surgery, cancellation of steroid injunctions, and

appropriate pain medications), that the prior action resulted in a final adjudication on the merits, that

the present Defendants were either parties or in privity with the parties in the prior action, and that

Plaintiff was provided a full and fair opportunity to be heard on the issue in Proctor I, which are all

factors to be  met by a party asserting the application of collateral estoppel. See Irving v. Dormire,

586 F.3d 645, 648 (8th Cir. 2009).

Plaintiff responds by stating that <u>Irving v. Dormire</u> does not apply to this case, because Plaintiff's current claims against Defendants are not the same as those raised in Proctor I, and that the dismissal was not an adjudication on the merits because the Court found Plaintiff failed to exhaust his administrative remedies.  He also notes in his affidavit that Defendants CMS, Ifediora, Miller, and Green were not defendants in Proctor I (Doc. No. 179-1, p. 5), and that many of his present claims are based on events which occurred after he filed the Proctor I lawsuit.

The Court finds that collateral estoppel bars Plaintiff's allegations of deliberate indifference against these medical Defendants with respect to their care and treatment of him prior to the September 3, 2008 (the date Proctor I was filed).  However, any allegations concerning his care and treatment after that date could not have been brought in that lawsuit, and therefore, are not barred.

### 2.        Plaintiff's Retaliation Claims

Plaintiff alleges retaliation by Defendants.  Defendant Mullins argues that this allegation against him is also barred by res judicata, because Plaintiff alleged retaliation against him in Proctor II, and because he did not work at the MSU after November 8, 2008 (Doc. No. 165-5).  In response, Plaintiff again states that the issues raised in those prior cases are not the same as the ones raised in the present case, and therefore, should not be barred.

Having reviewed the prior lawsuits, the Court finds that Plaintiff alleged retaliation against Defendant Mullins with respect to a disciplinary charge, in Proctor II.  However, in the present case, he alleges Defendants Mullins, Kelley, and Green retaliated against him by denying him pain medication, refusing him doctor appointments, and prescribing medications which were inadequate to treat his well-known medical needs.  (Doc. No. 1, p. 5).  Therefore, the Court finds that this issue was not previously raised and does not necessarily arise out of the same nucleus of operative facts

10

to render it barred by res judicata.

**B.      Medical (8th Amendment claims)**

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany, supra, 132 F.3d at 1240.

11

### 1.      Defendant Suphan

As noted above, the Court finds that the Eighth Amendment claims asserted against Defendant Suphan are barred by res judicata.

### 2.      Defendants Kelley, Mullins, Green

Again, the Court finds that Plaintiff's allegations against these Defendants based on their actions prior to the filing of the Proctor I lawsuit on September 3, 2008, are barred by res judicata. However, with respect to the allegations against them which occurred after that time, Defendants Kelley, Mullins, and Green state that they are not medical professionals and are being sued based on their supervisory positions only, which is not a theory of liability under § 1983.

### a)      Defendant Kelley

In an Affidavit filed in support of her Summary Judgment Motion in Proctor I, Kelley stated that as the Deputy Director for Health and Correctional Programs, she receives and responds to inmates' health-related grievances. (Doc. No. 169-2.) She continued that she is not a physician and does not make diagnosis or treatment decisions or overrule such decisions made by a CMS physician. (Id.)   Further, she was not personally or directly involved in any of the Plaintiff's diagnostic decisions, but reviewed his medical records to ensure his complaints were addressed by medical personnel. (Id. at pp. 2-3.)

Kelley asserts she is not involved in day-to-day handling of medical treatment for inmates, and therefore, cannot be liable for deliberate indifference to an inmate's needs.  Citing Keeper v. King, she states that an official not involved in treatment decisions and who lacks medical expertise cannot be held liable for the medical staff's decision.  130 F.3d 1309, 1314 (8th Cir. 1997).  In addition, a general responsibility for supervising the operations of a prison cannot establish the

personal involvement required to support liability, and Plaintiff must prove some personal involvement before a defendant can be held liable under § 1983.  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995); Messimer v. Lockhart, 702 F.2d 729, 731-2 (8th Cir. 1983).

Plaintiff responds by stating that he alerted Kelley to his medical difficulties by filing numerous grievances, and that her refusal to take action in response to them constitutes proof of deliberate indifference to his serious medical needs.  He states that her claim that she must rely on the expertise of medical providers has resulted in rubber-stamping the improper actions or omissions of the medical Defendants.  He also does not claim she is liable based on respondeat superior, but based on her own personal involvement and her direct participation in the violation of his constitutional rights.   In his deposition, Plaintiff stated he sued Defendant Kelley because "she had the ability to take corrective action as a deputy director."  (Doc. No. 169-4, p. 5.)  He complained to her that Defendant Miller forced him to take medicine on an empty stomach and she "took no corrective action."  (Id. at pp. 5-6.)  He also felt she could ensure he received the proper treatment and to stop Defendant Miller's abuse of him because of her authoritative position as supervisor over medical personnel.  (Id. at pp. 6-7.)

Absent evidence that Kelley is a medical professional and capable of providing medical care and treatment to him, the Court finds Plaintiff cannot support a claim for deliberate indifference against Kelley, as a matter of law.  She is not liable solely for responding to his grievances, even though he might be unhappy with her responses.  A prison official's denial of grievances is insufficient to impose liability under § 1983.  Rowe v. Norris, 198 Fed.Appx. 579 *1 (8th Cir. 2006)(unpublished)(per curiam).  In addition, Plaintiff provides no evidence that she could be directly responsible for any treatment decisions.  Therefore, the Court finds as a matter of law that

Defendant Kelley did not violate Plaintiff's Eighth Amendment rights.

### b)     Mullins

Defendant Mullins was the manager of the MSU infirmary until November, 2008 (Doc. No. 165-5).  Plaintiff stated in his deposition that he sued Mullins for "failure to supervise, failure to take corrective action, retaliation, racism."  (Doc. No. 165-4, p. 43).  As the infirmary manager, Mullins should have taken action with Defendant Suphan when she was abusing drugs and with Defendant Miller when she was mistreating him.  (Id. at p. 44.)   Mullins states in his Motion that Plaintiff's allegations against him are based on his supervisory position only, and therefore, not an appropriate theory of liability.  Plaintiff states Mullins failed to protect him from being denied needed pain medications and from receiving medications to which he had allergic reactions.

Supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's  allegedly unconstitutional actions.  See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).   A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.  Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.") In this case, Plaintiff's claims against Defendant Mullins are based on his supervisory authority over Defendants Miller and Suphan, and he provides no evidence to show that Mullins was the person directly responsible for his medical care and treatment decisions.  See Dulany v. Carnahan, 132 F.3d at 1239.

   **c)**  **Green**

  Plaintiff stated in his deposition that he sued Defendant Green because of her response to grievances and her failure to take corrective action when Defendant Miller improperly required him to take medications on an empty stomach.  (Doc. No. 165-4, p 38).  As director of the nurses, Green was Miller's supervisor and had authority to take corrective action in response to Plaintiff's grievances and requests for interview.  (Id. at p. 40.)

  In her Motion, Green states that Plaintiff's allegations against her do not support a constitutional claim because he cannot show that she personally participated in depriving him of his constitutional rights.  As stated above, Plaintiff's allegations based on supervisory responsibility only are not permitted in a § 1983 action, and Green cannot be liable to him based on Defendant Miller's actions.

  As noted above, respondeat superior is not an available theory of liability in this case.  Therefore, Green's actions in supervising Miller, alone, do not support a constitutional claim.  In addition, as noted above, Plaintiff provides no evidence to show that the medical care provided by any of the medical Defendants was constitutionally inadequate.  Therefore, the Court finds as a matter of law that these claims against Defendants Kelley, Mullins, and Green should be dismissed.

  **3.**  **Miller**

  Plaintiff claims Defendant Miller insisted and forced him to take medications (Indocin and Naproxen) on an empty stomach, when they were supposed to be taken with food, causing a "wanton infliction of pain."  (Doc. No. 165-4, p. 29.)  Although these are not narcotic medications, inmates at the MSU were not allowed to keep these on their person, and if Plaintiff didn't take the medication when Miller brought it to him, she would not leave it with him.  (Id. at p. 30.)  Although he admitted that he was permitted to have commissary (including food) in his cell, he did not have sufficient funds

to keep extra food on hand to eat with his medication.  (<u>Id.</u> at p. 36.)  Miller allegedly gave him medications to which he suffered allergic reactions, and he admitted that she had no control over when he was fed.  (<u>Id.</u>)

In support of her Motion, Miller provides an affidavit of Dr. Joseph Hughes, who states that Miller followed proper medical procedures when requiring Plaintiff to take his medicine at the time she gave it to them.  (Doc. No. 165-7, p. 3.)  He also states that the pain medications prescribed for Plaintiff were unlikely to cause severe nausea and that any physicians' order for a patient to take medication with food is directed to the patient and not the nurse.  (<u>Id.</u>)  Miller states that she provided Plaintiff with medications as directed, and that Plaintiff provides no evidence of deliberate indifference on her part.

Although it is unclear to the Court how much control Plaintiff had over the taking of his medicine either with or without food, the Court finds that Defendant Miller's actions in distributing the medications and ensuring that they were properly taken do not constitute evidence of deliberate indifference.

### 4.    Defendant Ifediora

Plaintiff stated in his deposition that he sued Dr. Ifediora for prescribing Indocin and Naproxen after it was apparent that Plaintiff was allergic to it, even though Plaintiff did not know if Ifediora found Plaintiff to be allergic to these medications (Doc. No. 165-4, p. 46).  He also claims Defendant was deliberately indifferent to his pain and suffering by failing to prescribe him Tramadol and failing to order needed surgery.  (<u>Id.</u> at pp. 47-48.)  Defendant Ifediora treated Plaintiff from June, 2009 until he left the MSU in March, 2010 (<u>Id</u>. at p. 54).

Ifediora states that Plaintiff's complaint against him is a complaint over the type of treatment he provided, and does not support a finding of deliberate indifference.  Plaintiff admitted he treated

him and discussed his medications, and also was unaware whether Ifediora ever knew Plaintiff was allergic to certain medications.  (Id. at pp. 46, 54.)  Ifediora provides the affidavit of Dr. Joseph Hughes, who states that his decision to discontinue Tramadol for Plaintiff was appropriate, given the addictive quality of the medication and Plaintiff's admission that he was addicted to marijuana in 2008-2009 (Doc. No. 165-7, p. 3).  Hughes concludes that Plaintiff received appropriate care and treatment for his complaints, noting that the standard of care for Plaintiff's condition was to receive conservative treatment and exhaust those measures prior to considering surgery.  (Id.)

The Court finds as a matter of law that Plaintiff provides no evidence of deliberate indifference on the part of Dr. Ifediora.  It is clear from Plaintiff's medical records, and his admission in his deposition, that Ifediora examined and treated him on numerous occasions, and that Plaintiff's complaint is over the manner of medical treatment he received, which is not a constitutional violation. See Dulany, 132 F.3d at 1240, where the court held that "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."

### 5.    Defendant CMS (Corizon)

Plaintiff stated he sued CMS because it is responsible for providing health care and rejected Defendant Suphan's requests for consultations with a surgeon.  (Doc. No. 165-4, p. 63.)  He stated the company is responsible for the actions of its' employees, including Defendants Miller, Mullins, Green, Suphan, and Ifediora (Id. at p. 64.)

As noted earlier, however, respondeat superior is not a valid basis to support a claim under § 1983, and therefore, the court finds as a matter of law that Plaintiff's allegations against Defendant CMS should be dismissed.

### C.      Conspiracy/Retaliation

Plaintiff claims that all Defendants conspired to retaliate against him by withholding proper medications and treatments because of the grievances and lawsuits he filed against them.  Kelley states that Plaintiff cannot support his allegations because he provides no evidence to show that she punished or disciplined him by refusing to provide medical treatment, especially since she is not trained or authorized to provide such treatment.  Furthermore, Plaintiff fails to state a claim for conspiracy because he does not present facts which show that Defendants agreed on a course of conduct and acted upon it, citing Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975).  The medical Defendants also state Plaintiff does not support this claim against them.

Plaintiff responds by stating that he has shown sufficient facts to support his claims for retaliation, especially in light of Kelley's numerous denials of his grievances and Mullins' failure to protect him from being denied needed pain medications.

Initially, the Court notes that Plaintiff does not present sufficient allegations to support his claim of conspiracy against Defendants. In order to state a claim for conspiracy, one must allege specific facts to show a mutual understanding or meeting of the minds by the defendants. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).  "At a minimum, the complaint must state some way in which the named defendants participated in the alleged conspiracy...." Means, 522 F.2d at 840.  In this case, Plaintiff's complaint contains no allegations that the Defendants came together in an agreement to deprive Plaintiff of his constitutional rights.  Therefore, in light of these conclusory allegations and the lack of specific facts in support of his claims, the Court finds this claim fails as a matter of law.

With respect to Plaintiff's retaliation allegations, he states in his deposition that Defendant Miller retaliated against him because he filed grievances on her, and punished him by trying to make him take the pain pills on an empty stomach.  (Doc. No. 165-4, p. 37.)   He claims Defendant Green

18

retaliated against him by failing to correct the problems he had with Defendant Miller and Defendant

Ifediora retaliated against him by failing to properly prescribe pain medication for Plaintiff.  (Id. at pp.

43, 49.)  Finally, he states in his Complaint that Defendants Kelley, Green and Mullins retaliated

against him by denying him pain medications, refusing him doctor appointments, and prescribing

inadequate pain medications.  (Doc. No. 1, p. 5.)

In order to support a retaliation claim, Plaintiff must show that Defendants disciplined him or

punished him for his exercise of a constitutional right.  Meuir v. Greene County Jail Employees, 487

F.3d 1115, 1119 (8th Cir. 2007).  Plaintiff "has a heavy evidentiary burden to establish a prima facie

case... [m]erely alleging that an act was retaliatory is insufficient."  (Id.)   In this particular case,

Plaintiff offers no proof of retaliation by any of the Defendants.  In addition, since the Court finds as

a matter of law that Defendants were not deliberately indifferent to his serious medical needs, and

therefore, did not violate his constitutional rights, it follows that his claim for retaliation to violate his

rights also must fail.

**D.      State Law Medical Malpractice Claim**

To the extent that Plaintiff's Complaint is construed as asserting a state law medical

malpractice claim, the Court finds that such should be dismissed without prejudice.[6]  In McLaurin v.

Prater, 30 F.3d 982, 985 (8th Cir. 1994), the Court noted that a district court may decline to exercise

supplemental jurisdiction over a state law claim under certain circumstances, including when the

district court has dismissed all claims over which it has original jurisdiction, citing 28 U.S.C. §

1367(c).  See also American Civil Liberties Union v. City of Florissant, 186 F.3d 1095, 1098-99 (8th

Cir. 1999), where the court stated, "when state and federal claims are joined and all federal claims are

---

[6]In his Complaint, Plaintiff states, "Suphan is liable Kelley, Green, and Mullins is liable
and Correction Medical Services is liable for malpractice and failing to protect Plaintiff's
Constitutional/Civil rights."  Doc. No. 1, p. 6.

dismissed on a motion for summary judgment, the state claims are ordinarily 'dismissed without prejudice to avoid '[n]eedless decisions of state law ... as a matter of comity.''', citing <u>Birchem v. Knights of Columbus</u>, 116 F.3d 310, 314 (8th Cir. 1997) (other citations omitted).  Therefore, given the dismissal of Plaintiff's constitutional claims against Defendants, the Court finds that any state law medical malpractice claims should be dismissed, without prejudice.

## V.      Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment (Doc. Nos. 158, 165, 167) be GRANTED, and Plaintiff's constitutional claims against Defendants be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's state law medical malpractice claims against Defendants be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 18th day of September, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE